IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ASPASIA FILMS LLC and
DEBRA PETRIDES LYONS,

      Plaintiffs,

v.                                                  No 1:25-cv-00698-KWR-GJF

QUANTUM CAPITAL,
EMERALD HOLDINGS, INC.,
MIRAMAR FINANCIAL GROUP, INC. and
JOHN DOES 1-10,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiffs allege this case "arises from Defendants' predatory lending scheme, fraudulent misrepresentation, collusion, and exploitation of a vulnerable elder" "under the guise of a 'commercial loan.'" Complaint for Financial Exploitation, Fraud, Breach of Fiduciary Duty, Violations of Dodd-Frank Act, GLBA Act, Elder Abuse, and Intentional Infliction of Emotional Distress at 1-2, Doc. 1, filed July 24, 2025 ("Complaint"). Plaintiffs assert the Court has federal question jurisdiction over this matter pursuant to "Dodd-Frank (§ 5531), GLBA (§ 6801), and Elder Justice Act." Complaint at 2.

The Complaint is signed solely by Plaintiff Lyons. *See* Complaint at 6. United States Magistrate Judge Gregory J. Fouratt notified Plaintiffs that Plaintiff Lyons may not represent Plaintiff Aspasia Films LLC because Plaintiff Lyons is not an attorney authorized to practice before this Court. *See* Order at 1-2, Doc. 3, filed July 30, 2025. Judge Fouratt ordered Plaintiff Aspasia Films LLC to have an attorney authorized to practice in this Court enter an appearance to represent Plaintiff Aspasia Films LLC in this case and notified Plaintiff Aspasia Films LLC that failure to

timely comply with the Order may result in dismissal of Plaintiff Aspasia Films LLC's claims against Defendants. *See* Order at 8. Plaintiff Aspasia Films LLC did not have an attorney enter an appearance in this case or otherwise respond to the Order by the August 20, 2025, deadline. The Court dismisses Plaintiff Aspasia Films LLC's claims against Defendants.

Plaintiffs Lyon states "Venue is proper in Santa Fe, where Defendants' actions caused direct harm. The statute governing venue in general states:

> **Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

Judge Fouratt notified Plaintiffs that the District of New Mexico may not be the proper venue for this action and that it appears the Southern and Central Districts of California may be the proper venue for this action because Defendants reside in, and Defendants' acts and omissions giving rise to Plaintiffs' claims apparently occurred in, the Southern and Central Districts of California. *See* Order at 3 (also stating that the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over the nonresident Defendants). Judge Fouratt ordered Plaintiff Lyons to show cause why the Court should not dismiss this case or transfer the

case to the Southern or Central Districts of California and that if Plaintiff Lyons asserts the Court should not dismiss or transfer this case, Plaintiff Lyons must file an amended complaint that contains allegations showing the District of New Mexico is the proper venue and that support personal jurisdiction over Defendants. *See* Order at 3. Plaintiff Lyons did not show that the District of New Mexico is the proper venue for this action, did not show that the Court has personal jurisdiction over Defendants and did not file an amended complaint by the August 20, 2025, deadline.

Plaintiffs asserted the Court has federal question jurisdiction over this case because this case arises under the Dodd-Frank Act, 12 U.S.C. § 5531, Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801, and the Elder Justice Act, 42 U.S.C. §§ 1397j to 1397m. *See* Complaint at 1-3, 5 (the Complaint does not assert the Court has diversity jurisdiction over this case and does not allege facts supporting diversity jurisdiction). Judge Fouratt notified Plaintiffs that those federal acts do not provide for a private right of action and ordered Plaintiff Lyons to show cause why the Court should not dismiss her claims pursuant to the Dodd-Frank Act, the Gramm-Leach-Bliley Act, and 42 U.S.C. §§ 1397j to 1397m for failure to state a claim. *See* Order at 5. Plaintiff Lyons did not show cause why the Court should not dismiss her federal law claims by the August 20, 2025, deadline. The Court dismisses Plaintiff Lyons' federal law claims for failure to state a claim.

Finally, Judge Fouratt notified Plaintiff Lyons that if the Court dismisses Plaintiff's federal law claims, then, in the absence of any other basis for jurisdiction, the Court may dismiss Plaintiff's state-law claims. *See* Order at 5. Judge Fouratt ordered Plaintiff Lyons to file an amended complaint that states the basis for the Court's jurisdiction. Plaintiff Lyons did not file an amended complaint by the August 20, 2025, deadline.

The Court, having dismissed Plaintiff Aspasia Films LLC's claims and having dismissed Plaintiff Lyons's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff Lyons' state law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

                                             /S/
                                 **UNITED STATES DISTRICT JUDGE**